# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                            Plaintiff,<br><br>v.<br><br>JOHN N. MATSON and SOUTH BAY ACQUISITIONS, LLC,<br><br>                            Defendants. | Case No.: 3:24-cv-01342-H-KSC<br><br>**CONSENT JUDGMENT AS TO DEFENDANTS JOHN A. MATSON AND SOUTH BAY ACQUISITIONS, LLC** |

Pursuant to the Court's September 23, 2024 order granting Plaintiff Securities and Exchange Commission ("SEC")'s motion for the entry of a consent judgment as to Defendants John N. Matson ("Matson") and South Bay Acquisitions, LLC ("South Bay"), (Doc. No. 10), the Court enters the following consent judgment against Defendants Matson and South Bay:

The SEC having filed a Complaint and Defendants Matson and South Bay (collectively "Defendants") having consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Consent Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of

the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person by, directly or indirectly,

        (i)    misrepresenting the intended use of funds invested by investors;

        (ii)    misrepresenting the returns, or the source of purported "returns" from an investment;

        (iii)    operating a "Ponzi scheme" by paying purported returns to investors that were in fact, taken from later investments, without disclosing the source of the "returns";

        (iv)    falsely claiming that investors' funds would be managed in a fiduciary capacity; or

        (v)    making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' respective officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with either Defendants or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser by, directly or indirectly,

        (i)    misrepresenting the intended use of funds invested by investors;

        (ii)    misrepresenting the returns, or the source of purported "returns" from an investment;

        (iii)    operating a "Ponzi scheme" by paying purported returns to investors that were in fact, taken from later investments, without disclosing the source of the "returns";

        (iv)    falsely claiming that investors' funds would be managed in a fiduciary capacity; or

        (v)    making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:

(a) Defendants' respective officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with either Defendants or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(1) and (5) of the Exchange Act, 15 U.S.C. § 78u(d)(1) and (5), Defendants are permanently restrained and enjoined from, directly or indirectly, including through any entity owned or controlled by Defendant Matson, participating in the issuance of any security.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Defendant Matson is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants will pay disgorgement of ill-gotten gains and prejudgment interest thereon; that the amounts of the disgorgement and civil penalty will be determined by the Court upon motion of the Commission; and that prejudgment interest will be calculated based upon the investor funds outstanding during any periods from January 26, 2012 through September 30, 2024, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  Upon motion of the Commission, the Court will determine whether a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), is appropriate and, if so, the amount of the penalty.  In connection with the Commission's motion for disgorgement and civil penalties, and at any hearing held on such a motion:

(a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint will be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants must comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant Matson, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Matson under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Matson of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court will retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment and for purposes of ordering further relief.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**IT IS SO ORDERED.**

DATED: September 23, 2024

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT