# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN N. MATSON and SOUTH BAY ACQUISITIONS, LLC.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:24-cv-01342-H-KSC<br><br>**FINAL JUDGMENT** |

　　The Securities and Exchange Commission having filed a Complaint and Defendants John N. Matson ("Matson") and South Bay Acquisitions, LLC. ("South Bay") (collectively "Defendants") having entered general appearances; consented to the Court's jurisdiction over them and the subject matter of this action; and the Commission having filed its Motion for Final Judgment as to the Defendants, and in accordance with the Consent Judgment previously entered into with regard to the Defendants:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person by, directly or indirectly,

        (i) misrepresenting the intended use of funds invested by investors;

        (ii) misrepresenting the returns, or the source of purported "returns" from an investment;

        (iii) operating a 'Ponzi scheme" by paying purported returns to investors that were in fact, taken from later investments, without disclosing the source of the "returns";

        (iv) falsely claiming that investors' funds would be managed in a fiduciary capacity; or

        (v) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:

(a) Defendants' respective officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with either Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] by, in the offer or sale of any security, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser; by, directly or indirectly,

(i) misrepresenting the intended use of funds invested by investors;

(ii) misrepresenting the returns, or the source of purported "returns" from an investment;

(iii) operating a 'Ponzi scheme" by paying purported returns to investors that were in fact, taken from later investments, without disclosing the source of the "returns";

(iv) falsely claiming that investors' funds would be managed in a fiduciary capacity; or

(v) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' respective officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with either Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(1) and (5) of the Exchange Act [15 U.S.C. § 78u(d)(1) and (5)], Defendants are permanently restrained and enjoined from, directly or indirectly, (including through any entity owned or controlled by defendant Matson) participating in the issuance of any security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with either Defendant or with anyone described in (a).

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] [and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)]], defendant Matson is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Matson is liable for prejudgment interest in the amount of $108,948.14, and a civil

penalty in the amount of $1,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant Matson must satisfy this obligation by paying the sums ordered above to the Securities and Exchange Commission within 30 days after entry of this Final Judgment. Defendant Matson may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant Matson may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which may be delivered or mailed to:

Enterprise Services Center

Accounts Receivable Branch

6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and must be accompanied by a letter identifying the case title, civil action number, and name of this Court; Matson's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

     Defendant Matson must simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant Matson relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds will be returned to Defendant Matson. The Commission will send the funds paid pursuant to this Final Judgment to the United States Treasury.

     The Commission may enforce the Court's judgment for disgorgement of prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.  The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection

Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.

Defendant Matson must pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission will hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund will be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court will retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment will be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant Matson may not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant Matson's payment of disgorgement in this action, argue that he is entitled to, nor may he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant Matson's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant Matson must, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment will not be deemed an additional civil penalty and will not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action, including any breach of contract based on any

subscription agreement that an investor executed in connection with the offering alleged in the Complaint in this matter.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent previously executed by Defendants (Doc. No. 9-1) is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants must comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by defendant Matson, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by defendant Matson under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by defendant Matson of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court will retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment and for purposes of ordering further relief.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of

/ / /
/ / /
/ / /
/ / /

1  Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further
2  notice.
3       **IT IS SO ORDERED.**
4
5  DATED: March 17, 2025
6                                                    _____
7                                                    MARILYN L. HUFF, District Judge
                                                     UNITED STATES DISTRICT COURT